NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10321 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00219-PJH-1 |
| v. | |
| ALI MUGALLI HASSAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 12, 2024**
San Francisco, California

Before: HIGGINSON,*** MENDOZA, and DESAI, Circuit Judges.

Defendant Ali Hassan appeals his jury conviction on four counts:

(1) conspiracy to commit benefits fraud, in violation of 18 U.S.C. § 371;

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

(2) benefits fraud of $5,000 or more, in violation of 7 U.S.C. § 2024(b);

(3) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and (4) wire

fraud, in violation of 18 U.S.C. § 1343.  These charges were predicated on food

stamps fraud conducted by various employees of a convenience store owned by

Hassan—the Raaza Kwick Way Market & Deli ("Raaza") in Oakland, California.

Hassan challenges the sufficiency of the evidence as to each count and argues that

the district court erred in denying his motion for a judgment of acquittal under

Federal Rule of Criminal Procedure 29 ("Rule 29").  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Where, as here, a defendant moves for a judgment of acquittal under Rule 29

"at the close of the evidence, we review de novo the sufficiency of the evidence

supporting the conviction."  *United States v. Tucker*, 641 F.3d 1110, 1118 (9th Cir.

2011) (citing *United States v. Ruiz,* 462 F.3d 1082, 1087–88 (9th Cir. 2006)).  We

must "determine whether 'after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt.'"  *Id.* at 1118–19 (quoting *United States v.*

*Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (emphasis added)).  This

standard of review "requires us to 'presume . . . that the trier of fact resolved any

. . . conflict[ing inferences] in favor of the prosecution.'"  *United States v. Rosales*,

516 F.3d 749, 752 (9th Cir. 2008) (quoting *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000)).

The district court did not err in denying Hassan's Rule 29 motion. With respect to the charges for conspiracy to commit benefits fraud and conspiracy to commit wire fraud, ample evidence supports a jury finding that Hassan committed the requisite elements of these crimes. Hassan's father and co-defendant, Mugalli Hassan ("Mugalli"),[1] operated Raaza for much of the period between 2014 and 2018. Mugalli pleaded guilty to nine counts of wire fraud arising from illegal food stamps transactions that he conducted at Raaza between October 2016 and October 2017. And Mugalli was found guilty by a jury on the same four counts as Hassan.

Hassan concedes that "there was [food stamps] fraud at Raaza," and that the government proved that Mugalli "entered into conspiracies to commit benefits and wire fraud." But Hassan contends that the government failed to put on sufficient evidence that he "became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it." We disagree. The evidence produced at trial gave rise to a strong inference that Hassan was a member of the same conspiracy as Mugalli. Namely: (1) Mugalli conducted eight fraudulent food stamps transactions with the same undercover agent; (2) before Mugalli went on

---

[1] We refer to Mr. Mugalli Hassan by his first name to avoid confusion with Defendant-Appellant Ali Hassan.

vacation, the agent asked him "When you coming back?" and stated, "I won't come while you're gone," to which Mugalli replied "No, come with my son, he's good"; (3) Mugalli told the agent "Tell him [I] went to Malaysia and Dubai, that's the secret code"; (4) when the agent approached Hassan behind the cash register a few weeks later, used the "secret code" Malaysia, and asked for $50, Hassan charged $101.62 to her food stamps card and gave her $50 in cash in exchange; and (5) Hassan gave the agent the same approximate exchange rate of food stamps to cash—two-to-one—that Mugalli had given the agent on multiple occasions, without the agent suggesting any specific exchange rate to Hassan. Drawing inferences over conflicting evidence in favor of the prosecution, *Rosales*, 516 F.3d at 752, a "rational trier of fact could have found" beyond a reasonable doubt, *Tucker*, 641 F.3d at 1119, that Hassan "became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it."

So too with Hassan's conviction for wire fraud and for benefits fraud in excess of $5,000. With respect to wire fraud, 18 U.S.C. § 1343, Hassan argues that insufficient evidence supports the jury's finding that he "knowingly" participated in a scheme to defraud the federal Supplemental Nutritional Assistance Program ("SNAP"), which administers food stamps benefits. But the evidence discussed above in connection with conspiracy is also sufficient to allow a rational trier of fact to conclude that Hassan knowingly engaged in the scheme to defraud SNAP,

4

notwithstanding Hassan's self-serving testimony that he would not have knowingly committed an illegal transaction. *See Nevils*, 598 F.3d at 1164 (holding that, "when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution") (cleaned up).

And with respect to benefits fraud of $5,000 or more, 7 U.S.C. § 2024(b), sufficient evidence supports a finding that, as a member of a conspiracy to commit benefits fraud, Hassan is liable for the substantive benefits fraud committed by Mugalli and other members of the conspiracy, which far exceeded $5,000 in value. *See United States v. Collazo*, 984 F.3d 1308, 1319 n.9 (9th Cir. 2021) (en banc) ("A defendant convicted of conspiracy may also be held criminally liable for substantive offenses committed by other members of the conspiracy, so long as the offenses were reasonably foreseeable and committed in furtherance of the conspiracy." (citing *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946))).

**AFFIRMED**.